IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                         Cr. No. 14-3761 JCH

DONALD ALVIN TOLBERT,

      Defendant.

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on the *United States' Motion in Limine to Admit Evidence at trial Pursuant to Rules 414 and 404(b)* [Doc. 175][1]. After considering the parties' briefs, the evidence they have put before the Court, and the relevant authorities, the Court concludes that the Government's proffered evidence of Defendant's prior bad acts is admissible under both Rule 404(b) and Rule 414. Accordingly, the motion will be granted.

## BACKGROUND

The Government has charged Defendant Donald Tolbert ("Tolbert") with one count of notice and advertisement of visual depictions of minors engaged in sexually explicit conduct occurring from January 22, 2012 to September 20, 2012; seven counts of receipt of a visual

---

[1] The Government filed a notice of intent [Doc. 163] to offer evidence under Rule 404(b) and 414, to which Tolbert filed a response. Doc. 165. The Government's motion [Doc. 175] also serves as a reply to the Defendant's response to the Government's Notice of its intent to offer Rule 404(b) and Rule 414 evidence at trial. Tolbert filed a response [Doc. 190] to the motion, and the Government filed a reply. Doc. 199. The Court will consider them all together as one motion package.

depiction of minors engaged in sexually explicit conduct occurring from August 17, 2012 to September 16, 2012; three counts of distribution of a visual depiction of minors engaged in sexually explicit conduct occurring on July 17, 2012, August 7, 2012, and September 1, 2012, respectively; two counts of possession of a matter containing visual depictions of minors engaged in sexually explicit conduct on September 20, 2012; and a single count of a felony committed by a registered sex offender occurring on January 22, 2012. [*See* Doc. 48]. According to the Government, the charges arise from three sources: (1) Tolbert's public profile on IMGSRC.ru, including both the words and the photographs posted in that profile, (2) emails to and from Tolbert's AOL email accounts, and (3) evidence recovered from the eMachine described in Count 12 and the Dell computer which were recovered from the home of Defendant's mother, Margaret Tolbert.

## **DISCUSSION**

**I.     Evidence of Prior Acts the Government Seeks to Admit at Trial**

The Government seeks admission of evidence of Defendant's convictions for sexual abuse, as well as other sexual abuse and bad acts for which he either was acquitted or was not charged. The following are the alleged facts the United States seeks to elicit at trial.

A.     <u>Prior acts involving Jane Doe-1</u>

The Government intends to offer evidence of Tolbert's convictions for molestation of Jane Doe-1, his cousin, when she was 9 to 10 years old from approximately August of 2002 to approximately August of 2003. A portion of Tolbert's conduct served as the basis for Tolbert's 2006 state court convictions for two counts of criminal sexual contact of a minor in the third degree (child under thirteen), one count of kidnapping, and one count of bribery of a witness (threats or bribes – reporting). *State v. Tolbert*, D-202-CR-2004-03555 (NM 2d Jud. Dist. Ct. Aug. 25, 2006).

It appears that Tolbert was also charged with, but not convicted of, a third count of criminal sexual contact of a minor in the third degree (child under thirteen) with regard to Jane Doe-1.[2] All three criminal sexual contact counts specified contact with Jane Doe-1's breasts.

At Tolbert's state court trial, Jane Doe-1 testified that when Tolbert was living with her and her mother, he would read Jane Doe-1 books at night, then touch her breasts while her mother was in another room or at work; she also stated that Tolbert threatened to hurt Jane Doe-1's mom if she told anyone what he did. Jane Doe-1 also described an incident at a cousin's birthday party when Tolbert "tried or did French kiss" her, touched her breasts, and blocked her escape from the room. Jane Doe-1 offered additional details about the foregoing events during a safehouse interview.

At the safehouse interview Jane Doe-1 also described sexual abuse that was not charged, including that when she was asleep Tolbert would stick his hand inside her pajamas and touch her genitals. She also described an incident when she was ten that occurred at a swimming pool. She stated that Tolbert touched her breasts under her bathing suit.

On August 25, 2006, a jury convicted Tolbert of two counts of criminal sexual contact of a minor in the third degree (child under thirteen), one count of kidnapping, one count of bribery of a witness (threats or bribes – reporting), and one misdemeanor count of battery. *See* Doc. 162-1. Later that year, the court sentenced him to six years in prison. Doc. 162-2. On November 16, 2009, Tolbert was released to complete a five-year term of supervised probation. Doc. 162-3. On September 15, 2010, the state court revoked Tolbert's probation and sentenced him to 330 days of incarceration to be followed by a new term of probation. Doc. 162-5. On November 29, 2012, the

---

[2] It is undisputed that conduct of which Tolbert has been acquitted is not admissible under Rule 404(b) or Rule 414.

3

court revoked Tolbert's probation a second time for failure to comply with the condition of probation requiring that he not violate any laws or ordinances of the State of New Mexico and sentenced him to 1,460 days of incarceration. Doc. 162-7.

  B. <u>Prior acts involving Jane Doe-2 and Jane Doe-3</u>

Jane Doe-2, Tolbert's second cousin, reported that between approximately December 1999 and continuing to approximately August 2003, when she was approximately 12 years old, Tolbert ask Jane Doe-2 if she wanted to see his penis. Jane-Doe declined, but Tolbert told her that if she wanted to see a penis that she should come to him not someone else. Doc. 175-5 at 6.

Jane Doe-2 also reported that on another occasion during that same time period Tolbert was rough-housing with Jane Doe-3, then 13 to 14 years old, in the same swimming pool. Jane Doe stated that Tolbert ripped off Jane Doe-3's bikini top and exposed her breasts. Tolbert then volunteered to "fix" Jane Doe-3's bikini top, but Jane Doe-3 declined. Shortly thereafter, Jane Doe-3 departed with her mother, and both avoided contact with Tolbert and Jane Doe-2 after that. Doc. 175-5 at 7-8.

Tolbert was not criminally charged for this conduct.

  C. <u>Prior acts involving Jane Doe-4</u>

Jane Doe-4 states that when she was a child under 14 years of age, Tolbert assaulted her. The incidents took place in or around Jane Doe-4's house, which was in the same neighborhood as Tolbert's mother's home, where he was living at the time. Jane Doe-4 claimed that Tolbert snuck into her house, held her down, attempted to force her to kiss him. Jane Doe-4 stated that on another occasion, Tolbert put his hand down her shirt.

D.   Alleged "grooming" of Jane Doe-5

Jane Doe-5 (also sometimes referred to as "L.R.") is the niece of Felicia Cabrera, Tolbert's friend or girlfriend at the time of the charged conduct. A picture of Jane Doe-5 appears as the profile picture of "Yungmuffman" on a Russian image-sharing platform, IMGSRC.ru. The Government avers that the profile belongs to Tolbert. On the profile description, Tolbert states, "I love girls between 8-15 . . ." Doc. 175-6. Pictures of Jane Doe-5 also appear in the album "Felicia," which is linked to the Yungmuffman profile. Doc. 175-7. The pictures are accompanied by the comments "Not yet," and "soon." *Id*. Notably, a chat linked to an image of Jane Doe-5 and Cabrera includes comments that appear to discuss pictures of Jane Doe-5. According to the Government, pictures of Jane Doe-5 also feature prominently in the Samsung phone seized from Tolbert's residence. Approximately 22 of the 31 images on that phone feature Jane Doe-5 or another young girl.

E.   Prior possession of child pornography

The Government avers that Jane Doe-1's mother, a relative of Tolbert, recalls when Tolbert lived with his mother as an adult prior to 2001 at 760 57th Street NW, Albuquerque, NM 87105. Jane Doe-1's mother reported that Tolbert boasted about his collection of naked pictures of girls. According to the Government, Tolbert claimed that he used his connections as a liquor distributor driver to entice girls to obtain naked picture of them. The Government further asserts that Jane Doe-1's mother recalls seeing some of the photographs in a drawer in Tolbert's bedroom at his mother's house. Jane-Doe-1's mother reported the photos were of naked girls, some of whom appeared to be minors.

### F. Evidence of online communications, internet searches, and other information from searched electronics

The Government intends to offer evidence of online activity, much of which will be used to support the charges in this case. For example, it will offer the IMGSRC.ru profile that allegedly belonged to Tolbert, which includes chat messages and photographs. The Government will also offer email conversations sent from the email account abc123ddt@aol.com that are related to that IMGSRC.ru profile as well as child pornography attached to those emails. The Government will offer additional emails from donnieisagod@aol.com that contain a mix of child pornography and child erotica. In addition, this evidence will include information obtained from the computers seized from Tolbert's mother's home. According to the Government, this includes evidence that the user of those computers accessed both the YUNGMUFFMAN profile on IMGSRC.ru and the donnieisagod@aol.com email address, images of child pornography and erotica recovered from those computers that was also shared using the donnieisagod@aol.com email address. Finally, the evidence will show time and dates of access to these sites and accounts in order to demonstrate that they were not accessed during periods of time when Tolbert was incarcerated.

## II. Types of Evidence Offered by the Government

### A. Testimony

The Government states that it will offer testimony from Jane Doe-1, Jane Doe-1's mother, Jane Doe-2, Jane Doe-4, Jane Doe-5, and Felicia Cabrera relating to their direct observations and experiences with Tolbert.

### B. Court Records

The Government will offer records from the New Mexico State criminal case in *State v. Tolbert*, D-202-CR-2004-03555 (NM 2d Jud. Dist. Ct. Aug. 25, 2006), including trial transcripts

and the items attached to the United States' Notice of Intent to Introduce Rule 609 Evidence at trial. Doc. 162.

      C.    <u>Contents From Seized Computers and Cell Phones</u>

The Government states that it will offer into evidence the contents from the forensic examination of the seized computers and computer-related media as charged, to include the following: sampling of images and videos of child pornography located on computers and computer-related media, the total volume of child pornography located on Margaret Tolbert's computers and computer-related media, registry information, user attribution information, file structure, temporary Internet cache file information, Internet search engines, user search terms, Internet history, and child pornography related websites. The Government will also offer the contents of Tolbert's cell phone, including pictures of Jane Doe-5 and Cabrera.

      D.    <u>Other Electronic Information</u>

The Government represents that it will offer evidence of internet advertisements as well as chat communications and emails between Tolbert and others in which he admitted to having a sexual interest in children.

## III.   <u>Admissibility of the Evidence Under Rule 404(b)</u>

Federal Rule of Evidence 401 provides that evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401(a) and (b). Rule 403 permits a court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

On the other hand, Rule 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character" except in a criminal case, when "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." The Tenth Circuit has established four requirements for admission of evidence under Rule 404(b): (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the evidence's probative value must not be substantially outweighed by its unfairly prejudicial effect; and (4) the trial court should give jury instructions, upon request, on the proper purpose of the evidence. *United States v. Meacham*, 115 F.3d 1488, 1494 (10th Cir. 1997) (quoting *United States v. Jefferson*, 925 F.2d 1242, 1258 (10th Cir. 1991)).

A.  Relevance and Proper Purpose

The Court concludes that the evidence the Government seeks to admit is relevant. Each of the crimes with which Tolbert is charge requires that the Government prove that it was committed knowingly. Evidence that Tolbert previously sexually abused children, attempted to sexually abuse children, and possessed child pornography all are relevant to Tolbert's knowledge and intent regarding the charges in this case. Similarly, Tolbert's alleged grooming of Jane Doe-5 and the substantive evidence relating directly to the charged conduct (i.e., that he possessed child erotica and engaged in online conversations in which he expressed a sexual interest in children and in obtaining child pornography) is also relevant to Tolbert's knowledge and intent. All of the foregoing evidence tends to make it more likely true that Tolbert had not only the motive to commit the charged crimes, but also the intent to do so. Further, the evidence makes it less likely that Tolbert solicited or received any images of child pornography by mistake or by accident.

Similarly, the chats and emails in which Tolbert allegedly expresses a sexual interest in children also demonstrate his motive for possessing child pornography, his intent to possess such images, and his knowledge that these images are sexually explicit. The chats and emails also rebut any defense of mistake or accident. In short, this evidence makes more probable the existence of facts that will be relevant to the jury's determination of whether the government has proved the elements of the crime charged. Further, the Government offers the evidence for proper purposes under Rule 404(b).

Finally, evidence of the time Tolbert spent in custody and on probation is relevant to Tolbert's identity—that is, determining whether he was the person who accessed the email addresses, websites, offending material, and relevant search terms. The absence of those activities during the time in which he was incarcerated establishes that his usage patterns are attributable to him.

B. <u>Unfair Prejudice</u>

"Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." *United States v. Henthorn*, 864 F.3d 1241, 1256 (10th Cir. 2017) (quoting *United States v. MacKay*, 715 F.3d 807, 840 (10th Cir. 2013)). "Under Rule 403's balancing test, it is not enough that the risk of unfair prejudice be greater than the probative value of the evidence; the danger of that prejudice must *substantially* outweigh the evidence's probative value." *United States v. Cerno*, 529 F.3d 926, 935 (10th Cir. 2008) (internal citation omitted) (emphasis in original). Furthermore, in conducting the Rule 403 balancing test, the Court must "give the evidence its maximum

9

reasonable probative force and its minimum reasonable prejudicial value." *Id*. (internal quotation and citation omitted).

Here, the proffered evidence has very high probative value and is offered for a proper purpose. As discussed above, it gives insight into Tolbert's mental state and tends to rebut the only possible defenses available to him. While there may be some danger of unfair prejudice to Tolbert due to the emotional reaction that jurors might have to the evidence, that danger does not substantially outweigh the evidence's probative value, which is considerable. Further, the danger of unfair prejudice can be reduced by giving a limiting instruction as discussed below.

C.     Limiting Instruction

In order to minimize any unfair prejudice to Tolbert, the Court would be willing to give the jury an appropriate limiting instruction on the use of the Rule 404(b) evidence, directing them to consider the evidence only as it bears on Tolbert's identity, knowledge, intent, or lack of mistake.

Based on the foregoing, the Court concludes that the evidence is admissible under Rule 404(b).

IV.    **Admissibility of Evidence Under Rule 414**

The Federal Rules of Evidence generally prohibit "the admission of evidence for the purpose of showing a defendant's propensity to commit bad acts." *United States v. Benally*, 500 F.3d 1085, 1089 (10th Cir. 2007); *see* Fed. R. Evid. 404(b). Rule 414, however, provides an exception to this general rule, whereby:

> [i]n a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.

Fed. R. Evid. 414(a).

Like Rules 412 and 415, Rule 414 is designed to "supersede in sex offense cases the restrictive aspects of Federal Rule of Evidence 404(b)" and to create a presumption that "evidence admissible pursuant to the proposed rules is typically relevant and probative, and that its probative value is normally not outweighed by any risk of prejudice or other adverse effects." 140 Cong. Rec. H8991-92 (daily ed. Aug. 21, 1994) (remarks of principal House sponsor, Rep. Molinari); *see also* 140 Cong. Rec. S12990 (daily ed. Sept. 20, 1994); *United States v. Benally*, 500 F.3d 1085, 1089 (10th Cir. 2007) ("These rules provide an exception to the general rule codified in Rule 404(a), which prohibits the admission of evidence for the purpose of showing a defendant's propensity to commit bad acts."); David J. Karp, Evidence of Propensity and Probability in Sex Offense Cases and Other Cases, 70 Chi.-Kent. L. Rev. 15, 19 (1994). Accordingly, unlike Rule 404(b) which is intended to limit the use of evidence to prove propensity, Rule 414 is designed to allow evidence to prove propensity in certain types of cases. *See Benally*, 500 F.3d at 1092 ("Evidence of other similar crimes involving sexual assault and child molestation was determined by Congress to be probative of a defendant's propensity to commit such crimes.").

For a prior conviction to be admissible under Rule 414, the trial court must determine that: (i) the defendant is accused of an offense of child molestation, (ii) the evidence proffered is evidence of the defendant's commission of another offense of child molestation, and (iii) the evidence is relevant. *See Benally*, 500 F.3d at 1090 (citing *United States v. McHorse*, 179 F.3d 889, 898 (10th Cir. 1999) and *United States v. Guardia*, 135 F.3d 1326, 1328 (10th Cir. 1998)).

Courts are to "liberally admit evidence of prior uncharged sex offenses." *Id*. at 1090 (quoting *United States v. Meacham*, 115 F.3d 1488, 1492 (10th Cir. 1997)). However, a court must still conduct a Rule 403 balancing test and exclude the evidence "if its probative value is

substantially outweighed by a danger of unfair prejudice." *United States v. Mann*, 193 F.3d 1172, 1173 (10th Cir. 1999) (quoting Federal Rule of Evidence 403). When conducting the Rule 403 balancing test on Rule 414 evidence, a district court should consider the following factors:

> 1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence. When analyzing the probative dangers, a court considers: 1) how likely is it such evidence will contribute to an improperly-based jury verdict; 2) the extent to which such evidence will distract the jury from the central issues of the trial; and 3) how time consuming it will be to prove the prior conduct.

*United States v. Enjady*, 134 F.3d 1427, 1433 (10th Cir. 1998) (quotations omitted) (setting forth the Rule 403 test for Rule 413 evidence); *see United States v. Sturm*, 673 F.3d 1274 (10th Cir. 2012) (applying the *Enjady* factors to Rule 414 evidence).

### A. Tolbert is accused of an "offense of child molestation"

As to the first prong under Rule 414, the Government has demonstrated that Tolbert is accused of an offense of child molestation. Rule 414(d)(2)(B) defines "child molestation," in part, to mean "any conduct prohibited by 18 U.S.C. chapter 110." The crimes of which Tolbert is accused in this case are in fact described in 18 U.S.C. chapter 110, to wit: (1) notice and advertisement of visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. §§ 2251(d)(1)(A), 2251(d)(2)(A) and (B), 2251(e) and 2256 (Count I); (2) receipt of a visual depiction of minors engaged in sexually explicit conduct in violation of 18 U.S.C. §§ 2252(a)(2), 2252(b)(1), and 2256 (Counts 2-8); (3) distribution of a visual depiction of minors engaged in sexually explicit conduct in violation of 18 U.S.C. §§ 2252(a)(2), 2252(b)(1), and 2256 (Counts 9-11); (4) possession of a matter containing visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2), and 2256 (Counts

12-13); and felony committed by a registered sex offender in violation of 18 U.S.C. § 2260A (Count 14).

   B.   Evidence of the defendant's commission (or attempt) of another offense of child molestation

Under the second prong, the Court must determine whether the proffered evidence demonstrates that Tolbert has committed or attempted to commit another offense of child molestation as defined by the Rule. The Court concludes that it does. Specifically, evidence of Tolbert's convictions for molestation of Jane Doe-1 by touching her breasts, of his uncharged conduct in touching Jane Doe-1's genitals and breasts, of his prior possession of child pornography, of his attempts at molesting Jane Doe-2 and Jane Doe-3, and of his child molestation of Jane Doe-4 qualify as evidence of Defendant's commission of additional child molestation offenses as defined by Rule 414(d)(2). Specifically, each of these is a crime under either chapter 109A or chapter 110 of Title 18 of the United States Code, or an attempt to commit such a crime.[3]

   C.   Relevance

The evidence is relevant and has a high probative value for all the reasons previously discussed in Section III(A) of this Memorandum Opinion and Order.

Under Rule 414, evidence may be considered on "any matter" to which it is relevant. In addition to what already has been discussed, the evidence offered by the Government is relevant

---

[3] In its brief [Doc. 175 at 13-14], the Government does not argue that its proffered evidence of Tolbert's efforts to "groom" Jane Doe-5 for sex abuse and child pornography satisfies the second prong of the test for admitting evidence under Rule 414. Perhaps this is so because the second prong requires that the evidence proffered is evidence of the defendant's commission of *another* offense of child molestation, as opposed to evidence of the offense of child molestation with which the defendant is currently charged. In any event, the Court does not consider the evidence of grooming to satisfy this prong of the test, nor has the Government argued that the alleged acts of grooming constitute an act of child molestation as Rule 414 defines that term. Therefore, evidence of grooming will not be admitted under Rule 414.

also because it shows Tolbert's propensity to commit the crimes charged in the superseding indictment. As the Tenth Circuit put it, "[a] defendant with a propensity to commit acts similar to the charged crime is more likely to have committed the charged crime than another. Evidence of such a propensity is therefore relevant." *United States v. Guardia*, 135 F.3d 1326, 1328 (10th Cir. 1998). Evidence of Tolbert's alleged propensity for a sexual interest in children makes it more likely that he had the knowledge and intent to commit the crimes charged in the indictment. Some of the evidence also relates to his motive to commit the charged crimes—e.g., an email asserting Tolbert's stated desire to rebuild the child pornography collection he lost when he was incarcerated.

D.  Rule 403 balancing

The Court has already conducted this analysis with respect to Rule 404(b) in Section III(B) of this Memorandum Opinion and Order. The outcome is no different when analyzing the issue through the lens of Rule 414. If anything, in fact, the outcome is even more clear because Rule 414 recognizes and codifies the high probative value of propensity evidence. Consideration of the factors set forth in *United States v. Enjady*, 134 F.3d 1427, 1433 (10th Cir. 1998) does not alter this conclusion.

First, the Court notes that Tolbert was convicted of child molestation of Jane Doe-1, so therefore those acts were proven to a jury beyond a reasonable doubt. Furthermore, the stories of molestation and attempted molestation told by Jane Doe-1, Jane Doe-1's mother, Jane Doe-2, and Jane Doe-4 are consistent with each other and with the acts for which Tolbert was previously convicted. The Court considers their proffered testimony to be strong, clear evidence.

Second, the proffered evidence is highly probative of the material facts it is offered to prove. When assessing the probative value of the evidence, the Tenth Circuit has instructed that

the court should consider "the similarity of the prior acts to the acts charged, the closeness in time of the prior acts to the charged acts, the frequency of the prior acts, the presence or lack of intervening events, and the need for evidence beyond the testimony of the defendant and alleged victim." *Guardia*, 135 F.3d at 1331 (citations omitted). As previously discussed, the evidence is highly probative of Tolbert's sexual interest in young girls that form the basis of the crimes charged, his motive, his knowledge, his intent, and his identity as the person behind the Yungmuffman profile and the various email addresses used to solicit and exchange child pornography. The prior acts evidence is similar enough to the charged crimes to be probative of Tolbert's propensity to access and retain child pornography. The acts described in the proffered evidence, many of which occurred in 2002 or 2003, are not unreasonably remote in time from the charged conduct in this case, which took place in 2012. There are enough prior bad acts that it would not be reasonable to infer that any one of them was an aberration or a mistake; rather, taken together they are strong evidence of Tolbert's sexual interest in children. The Court is not aware of any intervening events that would undermine the probative value of the evidence. Finally, other than Tolbert himself, the Jane Does are the only people who can give this evidence.

On the other hand, the Court concludes that this high probative value will not be substantially outweighed by the danger or unfair prejudice to Tolbert. First, it is unlikely that the evidence will contribute to an *improperly*-based jury verdict in this case. The evidence of Tolbert's convictions is rooted in a jury verdict in his state court case, and the evidence of his uncharged conduct is based on testimony by eyewitnesses that Tolbert will have the opportunity to cross examine. Second, the Tenth Circuit has recognized that the type of evidence admitted under Rule 414

will almost always have a profound impact on the jury and cause it to feel disgust toward the defendant. Congress knew this when it enacted Rule 414, and intended to allow a fairly broad range of evidence to show the defendant's propensity—even stating that the rules "establish[ed] a general presumption that evidence of past similar offenses in sexual assault and child molestation cases is admissible at trial."

*United States v. Mercer*, 653 F. App'x 622, 629-30 (10th Cir. June 27, 2016) (quoting 140 Cong. Rec. S12,990-01) (footnote omitted). Even Tolbert's prior uncharged conduct is of the type that Congress has evidenced a willingness to admit because although it will be prejudicial to him, it will not be unfairly prejudicial.

The Court finds it unlikely that the evidence will distract the jury from the central issues of the trial to a great extent. After all, the issues of Tolbert's identity, motive, knowledge, and intent are central to the case, and the evidence bears directly on those questions. The Court concurs with the Government that any prejudice or distraction can be minimized through use of an appropriate jury instruction. *See Mercer*, 653 F. App'x at 625, 629 (noting that jurors were presumed to have followed courts Rule 414 limiting instruction that "the testimony could be considered 'for its bearing on any matter to which it was relevant' but was not sufficient in itself to prove guilt on the present charges" and that the defendant "was not on trial for 'any act, conduct or offense not charged in the indictment'"); *United States v. Chaco*, 520 F. App'x 694, 696 (10th Cir. 2013) (noting with approval the district judge's assessment that with "an appropriate jury instruction . . . the chance that the proffered evidence will contribute to an improperly based verdict is significantly reduced") (internal citation and quotation omitted).

Finally, it is difficult to assess how time consuming it will be to prove the prior conduct. It should not take a great deal of time to prove the fact of Tolbert's prior state court convictions for child molestation and the facts underlying those convictions. As to the uncharged prior bad conduct, the Government's witness list [Doc. 171] lists five victims and the mother of one victim.

This is but a small percentage of the total number (47) of witnesses listed by the Government. The Court will direct the Government not to waste the jury's time, but rather to conduct its direct examinations of those witnesses in the most efficient manner possible.

In light of all the foregoing, the Court concludes that the danger of unfair prejudice to Tolbert does not substantially outweigh the probative value of the evidence. Accordingly, the Government's motion should be granted and the proffered evidence should be admitted under Rule 414.

**IT IS THEREFORE ORDERED** that the *United States' Motion in Limine to Admit Evidence at trial Pursuant to Rules 414 and 404(b)* [Doc. 175] is **GRANTED**.

_____
**UNITED STATES DISTRICT JUDGE**