# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                  Cr. No.  14-3761 JCH

DONALD ALVIN TOLBERT,

        Defendant.

## MEMORANDUM OPINION AND ORDER

This matter came before the Court at a *James* hearing held on July 2, 2019 regarding the *United States' Motion to Admit Co-Conspirator Statements Pursuant to Rule 801(d)(2)(E)* [Doc. 174]. Both parties were represented by counsel, and Defendant was present at the hearing. The Court considered the motion, response, reply, as well as the arguments of counsel and evidence presented at the hearing. At the conclusion of the hearing, the Court ruled that the Government had met its burden to prove the first two elements of the test for admission of co-conspirator statements.

## DISCUSSION

The Government seeks an order *in limine* admitting statements allegedly made by Tolbert and others through a public online profile, "Yungmuffman," on IMGSRC.ru, as well as in email messages. According to the evidence proffered by the Government, through a chat on IMGSRC.ru and via email messages, Tolbert and others indicated their sexual interest in children, their desire to receive and possess child pornography, as well as images and videos containing child pornography.

## I. Legal Standard

Rule 801(d)(2)(E) provides that "[a] statement is not hearsay if ... [t]he statement is offered against a party and is ... a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." Statements by a conspirator are in furtherance of the conspiracy when they are "intended to promote the conspiratorial objectives." *United States v. Reyes*, 798 F.2d 380, 384 (10th Cir. 1986) (quotation omitted). Such promotion of a conspiracy occurs through "statements that explain events of importance to the conspiracy in order to facilitate its operation," *United States v. Smith*, 833 F.2d 213, 219 (10th Cir. 1987), "'[s]tatements between coconspirators which provide reassurance, which serve to maintain trust and cohesiveness among them, or which inform each other of the current status of the conspiracy,'" *id.* (alteration in original) (quoting *United States v. Gomez*, 810 F.2d 947, 953 (10th Cir. 1987)), and "'[s]tatements of a coconspirator identifying a fellow coconspirator'" *id.* (alteration in original) (quoting *United States v. Handy*, 668 F.2d 407, 408 (8th Cir. 1982)).

Proper application of Fed. R. Evid. 801(d)(2)(E) requires the Court to make three factual findings before allowing the coconspirator statement into evidence. *United States v. Urena*, 27 F.3d 1487, 1490 (10th Cir. 1994). By a preponderance of the evidence, "[t]he court must determine that (1) ... a conspiracy existed, (2) the declarant and the defendant were both members of the conspiracy, and (3) the statements were made in the course of and in furtherance of the conspiracy." *Id.*; *United States v. Stipe*, 653 F.2d 446, 449 n.4 (10th Cir. 1981). Although the Court may base its findings, at least in part, upon the coconspirator statements at issue, the Court may not base its findings solely upon the coconspirator statements. Fed. R. Evid. 801(d)(2); *United States v. Lopez-Gutierrez*, 83 F.3d 1235, 1242 (10th Cir. 1996). *See generally Bourjaily v. United*

*States*, 483 U.S. 171 (1987). In other words, there must be some independent, corroborating evidence. *See Lopez-Gutierrez*, 83 F.3d at 1242. The Tenth Circuit has defined independent evidence as "evidence other than proffered coconspirator statements themselves." *United States v. Owens*, 70 F.3d 1118, 1125 (10th Cir. 1995) (citing *United States v. Martinez*, 825 F.2d 1451, 1453 (10th Cir. 1987)) (internal brackets omitted).

Under Tenth Circuit law, a district court may admit co-conspirator statements if it holds a *James* hearing or conditions admission on forthcoming proof of a "predicate conspiracy through trial testimony or other evidence." *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995). The Tenth Circuit has repeatedly mentioned its "strong preference for *James* proceedings." *United States v. Gonzalez-Montoya*, 161 F.3d 643, 648 (10th Cir. 1998); *United States v. Lopez-Gutierrez*, 83 F.3d 1235, 1242 (10th Cir. 1996); *Owens*, 70 F.3d at 1123.

## II. Analysis

### A. Hearsay

Hearsay is a statement that "the declarant does not make while testifying at the current trial or hearing" and "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(1)-(2). "But testimony not offered to prove the matter asserted that is 'offered instead for *relevant* context or background' is not hearsay." *United States v. Becknell*, 601 F. App'x 709, 712 (10th Cir. 2015) (unpublished opinion) (quoting *United States v. Hinson*, 585 F.3d 1328, 1336 (10th Cir. 2009)). Questions and comments do not constitute hearsay if they are not offered to prove the truth of the matter but are offered to show their effect on the other person in the conversation and provide context. *See United States v. Smalls*, 605 F.3d 765, 785 n. 18 (10th Cir. 2010). The Court notes that some of the statements that the Government seeks

to admit are not hearsay, either because they are not offered for their truth or they are the statements of a party opponent.

Furthermore, as explained below, other statements may not constitute hearsay because they are co-conspirator statements under Rule 801(d)(2)(E).

### B.      Existence of a Conspiracy

The elements of conspiracy are: (1) there was an agreement to violate the law; (2) the declarant knew the essential objectives of the conspiracy; (3) the declarant knowingly and voluntarily took part in the conspiracy; and (4) the coconspirators were interdependent. *Id.* at 1249 (citing *United States v. Ailsworth*, 138 F.3d 843, 850-51 (10th Cir. 1998)). The government, as the proponent of the evidence, has the burden of proving the relevant preliminary facts. *United States v. Perez*, 989 F.2d 1574, 1580 (10th Cir. 1993). The government does not have to prove an express or formal agreement was made; rather, it merely has to show the coconspirators tacitly came to a mutual understanding. *United States v. Rutland*, 705 F.3d 1238, 1250 (10th Cir. 2013). "The existence of a conspiracy may be inferred from circumstantial evidence." *United States v. Martinez*, 825 F.2d 1451, 1452 (10th Cir. 1987). Interdependence means the coconspirators were united in a common goal or purpose. *Ailsworth*, 138 F.3d at 851.

As explained on the record at the hearing, the Court concludes that the Government has met its burden to show by a preponderance of the evidence that there was a conspiracy to possess, send, receive, produce, and distribute child pornography, as well as a conspiracy to evade detection by law enforcement. Evidence of the conspiracy includes the IMGSRC.ru profile and its associated chats and images, forensic evidence that Tolbert created the IMGSRC.ru profile, evidence of email messages between Tolbert and others regarding child pornography and child molestation, evidence

that Tolbert and others exchanged images and videos containing child pornography, and the images found on Tolbert's cell phone.

### C. The Declarants and Tolbert Were Members of the Conspiracy

The Court also concluded that the Government has met its burden to show that both the unnamed third-party declarants (i.e., those who made statements both in emails to Tolbert and in the IMGSRC.ru comments and chats) and Tolbert were members of the conspiracy. Again, this is proven not only by the emails and texts themselves, but also by the forensic evidence obtained from the computers seized from Margaret Tolbert's home, evidence that Tolbert created the IMGSRC.ru profile, evidence that Tolbert used various email addresses, and that images of child pornography were exchanged and retained.

### D. Statements Made in Furtherance of the Conspiracy

With regard to the third element under Rule 801(d)(2)(E), "in furtherance" means that the statements are "intended to promote the conspiratorial objectives." *Rutland*, 705 F.3d at 1252 (quoting *United States v. Townley*, 472 F.3d 1267, 1273 (10th Cir. 2007)). Examples of statements the Tenth Circuit has held to be in furtherance of a conspiracy include

> statements explaining events of importance to the conspiracy, statements between coconspirators which provide reassurance, which serve to maintain trust and cohesiveness among them, or which inform each other of the current status of the conspiracy, statements identifying a fellow coconspirator, and discussions of future intent that set transactions to the conspiracy in motion or that maintain the flow of information among conspiracy members.

*Id.* (internal quotations and citations omitted). Additionally, statements identifying members of a conspiracy, discussing particular roles of other coconspirators, and avoiding detection by law enforcement personnel are made "in furtherance of" a conspiracy. United States v. *Williamson*, 53 F.3d 1500, 1520 (10th Cir. 1995). "A coconspirator statement is made during the course of the

conspiracy it if is made before the objectives of the conspiracy have either failed or been achieved." *Owens*, 70 F.3d at 1126 (quoting *Perez*, 989 F.2d at 1579).

In accordance with *Owens*, the Court will rule at trial regarding this third element. *See Owens*, 70 F.3d at 1123 (explicitly approving a *James* hearing procedure in which the district court relied on the summary testimony of a law enforcement agent in making findings of the existence of a conspiracy and the participation in it by certain defendants and declarants and thereafter admitting the statements contingent upon the government making a showing at trial that, *inter alia*, the statements were in the course of and in furtherance of the conspiracy); *see also United States v. Gonzalez-Montoya*, 161 F.3d 643, 649 (10th Cir. 1998) ("this case underscores our preference for the use of pre-trial hearings to determine the existence of the predicate conspiracy.") (emphasis added).


**IT IS THEREFORE ORDERED** that *United States' Motion to Admit Co-Conspirator Statements Pursuant to Rule 801(d)(2)(E)* [Doc. 174] is **GRANTED IN PART** as explained herein, with the Court to reserve ruling until trial on the question of whether or not the alleged co-conspirator statements were made in course of and in furtherance of the conspiracy.


_____

**UNITED STATES DISTRICT JUDGE**