IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       **Plaintiff,**

vs.                                                                    Cr. No. 14-3761 JCH

**DONALD ALVIN TOLBERT,**

       **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Donald Tolbert's *Motion to Reconsider Denial of Motion to Suppress Evidence Obtained in Violation of the Fourth Amendment Under United States v. Ackerman* [Doc. 134]. Tolbert filed a supplement to the motion [Doc. 135], the United States filed its response [Doc. 145], and Defendant filed his reply [Doc. 150]. In the motion, Defendant asks the Court to reconsider its July 27, 2018 Memorandum Opinion and Order [Doc. 127] denying his motion to suppress evidence on the grounds that the search of his emails and attachments performed by NCMEC violated his rights under the Fourth Amendment. After reviewing all of the foregoing as well as the applicable legal authorities, the Court concludes that the motion to reconsider should be denied.

## LEGAL STANDARD

Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them. *United States v. Randall*, 666 F.3d 1238, 1241-42 (10th Cir. 2011); *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). A district

court should have the opportunity to correct alleged errors in its dispositions. *See United States v. Dieter*, 429 U.S. 6, 8 (1976).

A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Specific grounds include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id*. A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier. *Id*.

## **DISCUSSION** [1]

---

[1] In the original briefing on Tolbert's motion to suppress [Doc. 90], the Government did not argue that NCMEC's search simply repeated an earlier private search by AOL. However, the Government did raise that argument in response to one of Tolbert's later motions to suppress the fruits of searches of his email addresses conducted by Special Agent Christina Altamirano of the United States Immigration and Customs Enforcement [Doc. 137]. In a Memorandum Opinion and Order [Doc. 158], the Court discussed the private search doctrine and denied Tolbert's motion to suppress. Doc. 158 at 16-19. The Court relied on evidence that AOL generally conducts searches of intercepted emails and attachments one business day after they are flagged by AOL's IDFP system. *Id*. at 17. The Court concluded that Altamirano's later searches merely repeated earlier private searches of Tolbert's emails and attachments conducted by AOL and therefore did not violate the Fourth Amendment.

In the Memorandum Opinion and Order [Doc. 127] that Tolbert now asks the Court to reconsider, the Court found that on Saturday, September 1, 2012, Tolbert allegedly sent five emails with a total of fifteen attachments through AOL that were intercepted by its "image detection filtering process," or IDFP, for suspected child pornography. Doc. 127 at 2-3. The evidence also showed that at that time, it was AOL's standard practice to open any intercepted emails and attachments the next business day after they had been flagged by IDFP. *Id*. at 4. In this instance, the next business day would have been Monday, September 3, 2012. On Wednesday, September 5, 2012, NCMEC opened and viewed the five emails and their attachments. *Id*. at 4. In light of that evidence, it is entirely possible—perhaps even likely—that the NCMEC search that is the subject of the motion to suppress now under discussion occurred after AOL's private search and is within the private search doctrine. However, the parties have not briefed that issue, and so the Court will not address it here.

2

The thrust of Tolbert's motion to reconsider is that the Government failed to present testimony from the NCMEC analyst who looked at the five CyberTips at issue in this case, opened the associated emails and attachments, performed the open source searches, and then forwarded the CyberTips to the New Mexico Attorney General's Office, Internet Crimes Against Children Division. Tolbert also points out that the Government failed to present testimony from Homeland Security Investigations Agent Melva Boling, who prepared and signed the affidavit in support of the September 30, 2016 search warrant for the Dell Dimension and eMachine computers found in Tolbert's mother's home.

With respect to the inevitable discovery exception to the warrant requirement, Tolbert argues that without such testimony, it is impossible to know what the analyst or anyone else at NCMEC would have done if the NCMEC analyst had not opened the emails and attachments without a warrant. Tolbert contends that in the absence of such testimony, there is no evidence that without opening the emails and attachments, the NCMEC analyst would have conducted the open source searches that eventually led that person to conclude that the person behind the emails was in New Mexico—and therefore there could have been no inevitable discovery of the evidence against Tolbert, as there is no evidence that the CyberTips would have been forwarded to law enforcement in New Mexico.

With regard to the good faith exception to the warrant requirement, Tolbert's argument is less clear. He asserts in conclusory fashion that the testimony of the NCMEC analyst and Agent Boling was necessary to making a finding of good faith, but he does not explain why. He does argue that the Court should not have concluded that the good faith exception applied because the record contained no evidence of "why the nontestifying NCMEC analyst believed that 18 U.S.C. § 2258A(a) & (b)(4) authorized the analyst to open and view emails and attachments without [] a

3

warrant." *See* Doc. 134 at ¶ 19. Later, Tolbert argues that in the absence of any evidence of the NCMEC's subjective knowledge regarding the constitutionality of his or her actions, the good faith exception cannot apply.

Although evidence obtained in violation of the Fourth Amendment generally cannot be used, one of the exceptions to the exclusionary rule is when law enforcement acts in good faith, or in "objectively reasonable reliance," on a statutory scheme. *See United States v. Vanness*, 342 F.3d 1093, 1097 (10th Cir. 2003) (citing *United States v. Leon*, 468 U.S. 897 (1984) and *Illinois v. Krull*, 480 U.S. 340 (1987)).

The key phrase here is "objectively reasonable." Tolbert argues repeatedly in his motion to reconsider that there can be no good faith exception without testimony from the NCMEC analyst to explain what that person believed their authority to be, and whether they acted in subjective good faith in performing the challenged search.[2] In fact, the law requires no such evidence of the searching party's subjective beliefs. For example, in *Illinois v. Krull*, 480 U.S. 340, 355 (1987), a case this Court discussed in its prior opinion, the Supreme Court stated, "As we emphasized in *Leon*, the standard of reasonableness we adopt is an objective one; the standard does not turn on the subjective good faith of individual officers." (citing *United States v. Leon*, 468 U.S. 897, 919, n. 20 (1984). Thus, evidence regarding the NCMEC analyst's subjective good faith (or bad faith) is not necessary, and the lack of testimony on that topic is not fatal to the good faith exception. What matters is whether it was objectively reasonable for the NCMEC analyst to open and view

---

[2] Prior to his motion to reconsider, Tolbert did not argue that the testimony of the NCMEC analyst and Agent Boling was a necessary prerequisite to finding that the good faith exception applies, although that argument could have been included in his post-hearing supplemental memorandum. *See* Doc. 123 at 31-33. Tolbert's failure to raise the argument prior to his motion to reconsider is yet another reason his motion should be denied.

Tolbert's email given the statutory scheme governing NCMEC. This Court concluded that it was, and nothing in Tolbert's motion to reconsider alters that conclusion.

Other courts have concluded that NCMEC's actions in opening and viewing emails were objectively reasonable under similar circumstances. For example, in *United States v. Keith*, 980 F. Supp. 2d 33, 46 (D. Mass. 2013), AOL identified a matching hash value in an email and sent NCMEC a CyberTipline report with the suspect file, just as it did in this case. The court concluded that NCMEC was an agent of law enforcement subject to the constraints of the Fourth Amendment, which NCMEC violated when it investigated the email further. *Id*. at 41-43, 46. However, the court declined to suppress the evidence because the good faith exception applied due to the statutory scheme. *Id*. at 46. The court stated:

> "[T]hose who heretofore regarded NCMEC's role only as that of a private party, so that the Fourth Amendment was inapplicable, were not acting in willful or negligent disregard of constitutional principles, but rather pursuant to a view of NCMEC's statutorily sanctioned role and activity that was, under all the circumstances, objectively reasonable, just as the officers' view of the statutory scheme was found to be in *Krull*. In that case the Court explained that "evidence should be suppressed only if it can be said that the law enforcement officer had knowledge, or may properly be charged with knowledge, that the search was unconstitutional under the Fourth Amendment." *Krull*, 480 U.S. at 348-49, 107 S.Ct. 1160 (internal quotation marks and citation omitted).
> There is nothing in the record in this case that would suggest either NCMEC or the police or the magistrate who issued the warrant knew or ought to have known that by relying on the CyberTipline report they were doing something that was unconstitutional under the Fourth Amendment. No persuasive argument can be made that an organization like NCMEC needs to be deterred from acting in good faith in a way that is consistent with explicit congressional will."

*Id*. Similarly, in *United States v. Ackerman*, 296 F. Supp. 3d 1267, 1275 (D. Kan. 2017), on remand from the Tenth Circuit, the district court concluded that the good faith exception applied to NCMEC's search of emails and attachments after AOL submitted a CyberTipline report under circumstances substantially similar to those presented here.

Tolbert argues that this Court's prior decision was wrongly decided and that the good faith doctrine is inapplicable because the statutory scheme does not permit NCMEC to view items of suspected child pornography it receives via the CyberTipline. He argues that "18 U.S.C. § 2258A provided no such authorization, and only authorized MCMEC to forward the information that AOL sent to NCMEC to appropriate law enforcement. . . . [T]hose statutory provisions provide no authorization for viewing child pornography." Doc. 134 at 10. However, the Court stands by its interpretation of the statutory scheme, which is rooted in the Tenth Circuit's *Ackerman* opinion. In that decision, the Tenth Circuit noted these statutes and stated that NCMEC is "statutorily authorized to receive contraband (child pornography) knowingly *and review* its contents intentionally." *United States v. Ackerman*, 831 F.3d 1292, 1297 (10th Cir. 2016) (emphasis added) (citing 18 U.S.C. § 2258A(a), (b)(4)). The Tenth Circuit also concluded that these statutes were effectively "a statutory grant of special law enforcement authority to a single entity and no other, authorizing and encouraging it to perform functions no other private person or entity may lawfully undertake." *Id*. at 1303. Additionally, in determining that NCMEC acted as a governmental agent, the Tenth Circuit recognized and acknowledged the wide scope of the authority given to NCMEC by statute. *Id*. at 1301-02. Perhaps most importantly, the Tenth Circuit noted that although the statutes do not require NCMEC to open and view the email attachments, "everyone accepts that Congress enabled NCMEC to review [Defendant's] email by excepting the Center from the myriad laws banning the knowing receipt, possession, and viewing of child pornography. Nothing about NCMEC's actions could possibly have come as a surprise." *Id*. at 1302. Tolbert may disagree with the Tenth Circuit's interpretation of the statutory scheme, but this Court is not inclined to do so. The Court concludes that NCMEC generally, and the analyst in this case specifically, had an objectively reasonable good faith basis to believe that they had lawful authority to open and view

Tolbert's emails and attachments included in the CyberTips sent by AOL. Neither the testimony of the analyst nor of Agent Boling is necessary to that conclusion.

Finally, any possible deterrent value from applying the exclusionary rule must be weighed against the "substantial social costs" of suppressing the evidence. *See Leon*, 468 U.S. at 907; *see also Herring v. United States*, 555 U.S. 135, 141-42 (2009). "When the police exhibit 'deliberate,' 'reckless,' or 'grossly negligent' disregard for Fourth Amendment rights, the deterrent value of exclusion is strong and tends to outweigh the resulting costs." *Davis v. United States*, 564 U.S. 229, 238 (2011) (quoting *Herring v. United States*, 555 U.S. 135, 144 (2009)). By contrast, "when the police act with an objectively reasonable good-faith belief that their conduct is lawful, or when their conduct involves only simple, isolated negligence, the deterrence rationale loses much of its force, and exclusion cannot pay its way." *Davis*, 564 U.S. at 238 (citations and internal quotation marks omitted). In this case, where the likely deterrent value of exclusion is so minimal, the balance tips decidedly against suppression. Nothing in Tolbert's motion to reconsider persuades the Court otherwise.

The Court's conclusion that the good faith exception applies is in itself sufficient reason to deny Tolbert's motion to reconsider.[3] Thus, the Court need not reach Tolbert's arguments regarding inevitable discovery.

---

[3] Among the many arguments presented by the Government in response to Tolbert's first motion to suppress was the contention that Tolbert lacked a reasonable expectation of privacy in his emails, and therefore the search by NCMEC did not impinge on his Fourth Amendment rights. *See* Doc. 93 at 19, 24-25. Having found in its first Memorandum Opinion and Order [Doc. 127] that the motion to suppress should be denied based on the good faith and inevitable discovery exceptions to the warrant requirement, the Court did not reach the issue. However, it appears to the Court that due to the terms of AOL's Privacy Policy, Community Guidelines, and Terms of Service ("TOS"), to which he agreed, Tolbert lacked a reasonable expectation of privacy in his emails that contained child pornography. Other courts have reached the same or similar conclusion with regard to defendants accused of using AOL to transmit child pornography. *See, e.g.*, *United*

**IT IS THEREFORE ORDERED** that Defendant Donald Tolbert's *Motion to Reconsider Denial of Motion to Suppress Evidence Obtained in Violation of the Fourth Amendment Under United States v. Ackerman* [Doc. 134] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**

---

*States v. Ackerman*, 296 F. Supp. 3d 1267, 1272 (D. Kan. 2017) (finding that AOL's TOS limited the defendant's reasonable expectation of privacy because AOL explicitly informed him that he must comply with applicable laws and that AOL may take technical and legal action against him if he failed to do so); *United States v. DiTomasso*, 56 F. Supp. 3d 584, 597 (S.D.N.Y. 2014) (concluding that AOL's policy makes clear that it intends to actively assist law enforcement and therefore a reasonable person would understand that by agreeing to the policy, he was consenting to monitoring of his emails). Courts have reached the same conclusion as to other internet service providers with similar terms of service. *See United States v. Stratton*, 229 F. Supp. 3d 1230, 1242 (D. Kan. 2017) (concluding that Sony's terms of service "explicitly nullified its users' reasonable expectation of privacy" because Sony informed its users that it reserved the right to monitor activity and that any violations of laws may be turned over to law enforcement authorities). This is an additional, alternate reason why Tolbert's motion to reconsider should be denied.